Gobind v. Sessions

BIA
Connelly, IJ
A59 082 825

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

PRADEEP GOBIND,
> *Petitioner,*

> v.                                          15-2504
>                                              NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,[1]
> *Respondent.*

_____

FOR PETITIONER:            Samuel N. Iroegbu, Albany, N.Y.

---

[1] - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch, as the Respondent in this case.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Samuel P. Go, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED IN PART and DISMISSED IN PART.

Petitioner Pradeep Gobind, a native and citizen of Guyana, seeks review of a July 9, 2015, decision of the BIA, affirming an April 28, 2015, decision of an Immigration Judge ("IJ") denying Gobind's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pradeep Gobind,* No. A59 082 825 (B.I.A. July 9, 2015), *aff'g* No. A59 082 825 (Immig. Ct. Batavia Apr. 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We generally lack jurisdiction to review a final order of removal of an alien, like Gobind, who has been ordered removed on the basis of an aggravated felony conviction.

2

8 U.S.C. § 1252(a)(2)(C); *Ortiz-Franco v. Holder*, 782 F.3d 81, 86 (2d Cir. 2015). But this jurisdictional limitation does not extend to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D).

Although Gobind's challenge to the agency's aggravated felony determination presents a reviewable question of law, *see Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164-65 (2d Cir.2006), it is explicitly foreclosed by our decision in *Mugalli v. Ashcroft*, 258 F.3d 52, 61-62 (2d Cir. 2001) (holding that "a conviction under [NYPL § 130.25(2)] meets the BIA's interpretation of sexual abuse of a minor" and is therefore an aggravated felony). We therefore deny Gobind's petition as it relates to the agency's denial of asylum.

We dismiss the remainder of the petition for lack of jurisdiction because Gobind has failed to raise a constitutional claim or question of law with respect to the agency's denials of withholding of removal and CAT relief. Gobind avers generally that his testimony and evidence were sufficient to meet his burdens of proof. He does not challenge the agency's determination that he did not meet his burden for withholding of removal because he had not shown that the harm he feared from his victim's family was on account of a protected

ground; he also fails to challenge the agency's determination that he did not meet his burden for CAT relief because he failed to show the necessary governmental action or acquiescence in any prospective harm by the victim's family.  He has therefore waived review of these determinations, which are, in any event, legally sound.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also* 8 C.F.R. § 1208.16 (predicating eligibility for withholding of removal on a showing that the applicant's "life or freedom would be threatened in the proposed country of removal *on account of race, religion, nationality, membership in a particular social group, or political opinion*" (emphasis added)); 8 C.F.R. § 1208.18(a)(1) (providing that "torture" under the CAT must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").

For the foregoing reasons, the petition for review is DENIED IN PART and DISMISSED IN PART.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending

4

request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk